UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SEAN D.,[1]

        Plaintiff,

v.

LELAND DUDEK, *Acting Commissioner of Social Security*,[2]

        Defendant.

Civil No. 19-661 (JRT/TNL)

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

---

        James H. Greeman, **GREEMAN TOOMEY**, 250 Second Avenue South, Suite 120, Minneapolis, MN 55401, for Plaintiff.

        James D. Sides, **SOCIAL SECURITY ADMINISTRATION**, Office of Program Litigation, Office 4, 6401 Security Boulevard, Baltimore, MD 21235, for Defendant.

        The Commissioner of Social Security initially denied Plaintiff's claim for Social Security Disability benefits, but because it found the record in need of further development as to Plaintiff's likely absenteeism, the Court remanded to the Commissioner for reconsideration. (Sealed Mem. Op. & Order at 12–13, Sept. 30, 2020, Docket No. 22.) Because Plaintiff succeeded in remanding this case to the Commissioner

---

    [1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions, such as the present Order.
    [2] Leland Dudek is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted as the defendant in this action.

for reconsideration, the Court awarded him attorney's fees of $5,269.75 under the Equal Access to Justice Act ("EAJA").  (Order, Dec. 2, 2020, Docket No. 34.)

On reconsideration, the Commissioner found Plaintiff's eligibility for disability benefits began on July 18, 2015.  (*See* Mem. Supp. Mot. Att'y Fees at 1–2, Jan. 16, 2025, Docket 64.)  The Commissioner awarded Plaintiff past-due benefits in the amount of $99,137.00, $24,784.25 of which was withheld for potential payout to his attorney.  (*See* Notice Award Title II Benefits at 4, Jan. 16, 2025, Docket No. 65; Notices Award Three Minor Children at 20, Jan. 16, 2025, Docket No. 67.)  Plaintiff then sought attorney's fees under 42 U.S.C. § 406(b) of up to 25% of his past-due benefits.  (Mot. Att'y Fees, Jan. 16, 2025, Docket No. 63.)  The Commissioner does not oppose the award.  (Def.'s Resp. at 1, Feb. 13, 2025, Docket No. 75.)

In relevant part, the Social Security Act provides that

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).  When attorneys base their fee on a contingency, the Court must independently assess the reasonableness of the award, including reductions when, for example, the attorney causes delays, the representation was substandard, or the overall fee was "large in comparison to the amount of time counsel spent on the case."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

Here, Plaintiff benefitted from a favorable judgment because the Court remanded the initial decision to the Commissioner for reconsideration, and the Commissioner eventually reversed the initial denial, leading to a payout of past-due benefits.

Plaintiff's attorney's fees of $24,784.25, which were based on a contingency arrangement of 25% of past-due benefits, were also reasonable. His attorney litigated this case over six years and successfully obtained both a remand from the Court and an award of past-due benefits from the Commissioner. There is nothing in the record to indicate that counsel was responsible for delay or that his performance was substandard. As to the hours spent on this litigation, the Court would prefer counsel submit records of the hours spent on this litigation for a more thorough review of the reasonableness of the award. However, in this case, the record shows that counsel spent at least 26.75 hours[3] on this matter leading up to the Court's initial remand and that, post-remand, counsel navigated a renewed review of the record by an administrative law judge ("ALJ"), an internal appeal, yet another review by an ALJ, and preparation for this motion for attorney's fees. Accordingly, the final award was not too large compared to the time counsel spent on the case.

Because Plaintiff was already awarded partial attorney's fees under the EAJA, his counsel must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535

---

[3] (*See* Mem. Law Supp. Pl.'s Mot. Att'y Fees at 5, Oct. 29, 2020, Docket No. 27.)

U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 183, 186); *see also Theodoros K. v. Kijakazi*, No. 20-2228, 2023 WL 4621896, at *3 (D. Minn. July 19, 2023). In this case, Plaintiff's counsel must refund the $5,269.75 EAJA award directly to Plaintiff.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) [Docket No. 63] is **GRANTED**;

2. Plaintiff's counsel is awarded attorney's fees in the amount of $24,784.25; and

3. Upon receipt of the awarded attorney's fees pursuant to § 406(b), Plaintiff's counsel is required to refund to Plaintiff the previously awarded EAJA fees, in the amount of $5,269.75.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 2, 2025
at Minneapolis, Minnesota.

　　　　　　　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge